Good morning. We have three cases on calendar that are to be submitted on the briefs. Those are 23-3853 Diana Elizabeth Bermeo Colleen v. Pamela Bondi, 24-2950 Acer Omar Alvarez Esquivel v. Pamela Bondi, and 23-426 Yvonne Vega Diaz v. Pamela Bondi. In accordance with the respective orders previously entered on the dockets of those cases, those three cases are hereby submitted for decision on the briefs. We'll then proceed to hear argument in the first case on calendar for argument this morning, which is 23-909 and 24-172 Jose Luis Martinez Estrada v. Pamela Bondi, and we will hear first from Ms. Galarza. You may proceed. Good morning, your honors. May it please the court. Luciana Galarza on behalf of the petitioner, Mr. Martinez Estrada, a father of an active duty member of the U.S. Armed Forces and a representative of Mexico. I would like to reserve five minutes for rebuttal. Now I will address the issue of the denial of the motion to reopen by the agency below. I would ask this court to remand this case based on an erroneous finding and an abuse of discretion by the agency denying to reopen Mr. Estrada's case based on him not having met the eligibility for military parole in place. Well, was military parole in place presented to the agency below in the form that you're presenting it now? Yes, the petitioner with his motion to reopen submitted evidence that he had applied for military parole in place, and as part of that evidence, he submitted evidence of the requirements of eligibility for that program. Namely, not only did he submit an application and submit a filing receipt to the agency, but he also submitted evidence of his family relationship to his U.S. citizen daughter, who is an active member in the U.S. Army. But at the time the agency ruled, it said that he'd not offered evidence that had been deemed eligible for that program. That's correct, and I believe that that conclusion or finding of fact by the board was erroneous. The board in its decision acknowledged that he had filed an application and even in a footnote acknowledged that the application was pending, and then the agency then turned around and stated that he had not submitted evidence or offered any evidence that he had been deemed eligible for the program. I think in context, what the agency is saying is that USCIS had not yet ruled on the application, at which point he'd be determined to be eligible. So at the time they ruled, there was an application pending, and they said it hadn't been ruled on, so it hadn't been established, and it's not clear whether USCIS will grant such relief, and therefore at the time they ruled, why is that an abuse of discretion? I mean, it doesn't sound like the facts procedurally as they described them were wrong. Why is an abuse of discretion to say the fact you have an application pending isn't enough at the time they ruled? Well, I believe it's an abuse of discretion because here it appears from a of the decision that the board didn't know or acknowledge that in order for the U.S. Citizenship and Immigration Services to make a determination on that application, the agency cannot do that because it does not have jurisdiction to review if the applicant is in removal proceedings. Counsel, what is the status of the military parole in place application? I understand from reading your motion to refer this case to mediation that was there a denial of the application? Because when I look at it, it seems like there's some inconsistency between the docket showing that it is still pending versus I think somewhere in the record, I saw that it had been denied. The application for military parole in place has been denied by USCIS for lack of jurisdictions only. And that is correct that the USCIS often does not provide accurate information with regards to the whether an application has been approved or denied. And so the sole reason for mediation was to request to see if the parties can work with the government in order for to. Well, why isn't if you think the changed circumstances have now led to a situation where the agency should reconsider this, why isn't the remedy to file a new motion to reopen and present the new facts to the board and ask it to reconsider? Because we can't add things to the administrative record. That is correct. And I believe the only the only practical or procedural resolution for the respondent to be for for the petitioner to be able to file another application would be which is what I'm asking this court to do is to remand the matter back to the board. And so the where is the error in the board's decision on this point that would justify a remand? Well, the error. Is that the board? It sounds like what you're telling me is that the applicant filed in the wrong place to to seek the military parole in place. Sounds like what you're now saying it should have been filed in the removal proceeding. And I think that I just make sure I'm understanding. And I think this goes to Judge Collins question. The USCIS has denied the application for lack of jurisdiction because there is a pending appeal on the motion to reopen. Is that correct? That's correct. Because a petitioner is in still in removal proceedings, USCIS cannot make a determination on that application. So at the conclusion of this appeal, you can refile that application, correct? And it will get decided on the merits regardless of that you won't have the jurisdictional issue. Well, the only the only way that the petitioner can refile that application is if this court were to send back the case back to the board, the board under newly enacted regulations under ACFR Section 1003.1M has the discretion to terminate removal proceedings where USCIS has jurisdiction to adjudicate a petition or an application. So the board has that discretion. And if the government were to agree to file a joint motion to terminate, that would also be potential resolution for the petitioner to file that application. You're asking for exercises of executive discretion, which is not within our purview. We're not the executive branch and we we can't give you discretionary grants of prosecutorial relief. I understand that, but the but the court does have the authority to remand this case if the board abuse its discretion in not considering an application. We have to find an abuse of discretion in in order to send it back. We just can't send things back because we feel like it. Yes, and the petitioner's position in this case is that the board did abuse its discretion because the board in the decision essentially stated that the petitioner did not offer any evidence that he had been deemed eligible for the program. What about his criminal history? Wouldn't that be a problem with getting a grant of of relief and the military parole in place? I acknowledge that his criminal history will come into determination, will come into play when the agency makes a discretionary analysis. Though neither the the immigration judge in this case when he was reviewing the application for did not make any determinations as to discretion. He only denied 42b cancellation of removal for his failure to meet the hardship standard. He did not make any findings as to whether or not he merited any discretion. And here the board also didn't make a discretionary finding as to whether or not he would he would be likely to receive that benefit. Want to address the Fonseca Fonseca issue in this case? With respect to? With respect to whether or not the agency applied the correct standard in its discussion of matter of Coelho in the first ruling? Yes, I believe I believe the court in that case felt held that the would like would likely standard wasn't the right the right standard, but whether there was a reasonable likelihood. Well, is it clear? Oh, no, go ahead. Is it clear what the agency did? Because it says this evidence is not sufficient to meet the respondents burden of showing that reopening for further consideration of the applicants cancellation application is warranted. That doesn't tell us literally in isolation in what respect it was unwarranted, either at the eligibility prong or at the discretionary prong. And that is correct from a reading of the of the decision, it doesn't appear that the board made a distinction. But then when you go to the site, it says C matter of Coelho, and it cites the discussion at pages 471 to 473, and then has a parenthetical about a non-citizen seeking reopening for further consideration of an application for relief bears a heavy burden must present evidence of such a nature, the board is satisfied that if the proceedings are reopened, the new evidence will likely change the result. And if you go to that portion of the discussion of Coelho, that heavy burden and the likely change the result comes from page 473. And it's very clear on page 473, that they're talking about prong to the discretionary, they actually say on that page that, in a case such as the present one, making a prima facie showing of eligibility for the underlying relief being sought is largely irrelevant. And that the board ordinarily will not consider a discretionary grant of a motion to remand unless the moving party meets a heavy burden, etc. So the citation is clearly to the portion about discretionary. So why shouldn't we resolve the ambiguity in that sentence in favor of saying that this rested on the discretionary prong? And then it would not be erroneous under Fonseca? Well, a reading of the decision from the board, the board only stated that it was unclear whether USCIS would grant the application. The board didn't say or weigh any positive or negative equities in making that determination. And so at the board only addressed the first step, which is the step of eligibility. But did we know that what language tells us that it decided this at prong one rather than prong two? Well, where the board states that the petitioner didn't offer any evidence that he had been deemed eligible for the program. Counsel, it appears to me that the government has conceded that the BIA applied the would likely change standard to deny Martinez's motion to remand on prima facie grounds. But their argument, which you address in your reply brief, is that it's harmless. So we haven't adopted a harmless error standard for this type of circumstance. But my question to you is, if we accept the government's concession that, in fact, the wrong standard was used and we remanded the case to the board to apply the correct legal framework, you acknowledge that that is, you know, that's not going to give you an opportunity to present any new evidence, only that the BIA would need to consider the existing evidence in your motion under the correct legal framework, correct? That is correct. But I'm looking at the order and I'm trying to figure out from the order if the order tells us whether it was decided at prong one or prong two. So can you point me to the language in the BIA's order that shows that it's done at prong one? If I may, Your Honors. I guess I'm not entirely sure of the question. I'm looking at the April 14, 2023 order on the second page in the second full paragraph, which is a paragraph that denies the motion to remand for further consideration of the cancellation application. And it summarizes the new evidence presented and then said this evidence is not sufficient to meet the respondent's burden of showing that reopening for further consideration of the respondent's cancellation application is warranted. And then cites Coelho and has a parenthetical about the standard for prong two. So I'm just, I'm not seeing where is the language that tells us from this order that it was decided at prong one? Okay. Well, maybe you can look at that and get back to us on rebuttal. We've taken a lot of your time with questions, so I'm going to give you the five minutes you requested for rebuttal. But you can take a look at that during time that we'll hear from the government. Thank you, Your Honor. All right. Thank you, counsel. All right. So we'll hear now from Ms. Tyler. Good morning, Your Honors. May it please the court, my name is Julia Tyler and I represent the Attorney General in this case. Do you concede, because your brief did not have any argument that the order was not wrong under Fonseca Fonseca. Am I overlooking something? Do you concede that the order did not comply with Fonseca Fonseca? I think that I was attempting to advance to the next argument, but I do think that the, as you pointed out, Judge Collins, the decision is vague with respect to the unwarranted language. Well, normally, if we have a vague order where we can't really make heads or tails of it, and the briefing reflects that the parties were confused about it as well, our standard procedure is to remand the matter back to the agency so that we can figure, the agency can tell us exactly what they ruled on because we're trying to make heads or tails of it. Well, I appreciate that, but I do think that even, I think my argument is, even if it was a mistake with regard to Fonseca Fonseca, harmless error would apply. How could that be? I don't see how that could be consistent with administrative law principles, because the standard that under Fonseca Fonseca arguably should have been applied is a more lenient standard. And so maybe a failure to meet the stricter, a failure to meet the stricter standard does not subsume within it, as a lesser included, a failure to meet a lesser standard. Someone who doesn't meet a higher standard may be able to meet a lower one. So I don't see how it can say it was harmless. Okay. So, well, a couple of things. Number one, there was really no, Fonseca Fonseca was decided months after the board issued its decision in this case. So the board was not telepathic and could not have relied on Fonseca and that distinction, which was highlighted in the second board decision when this court had yet to decide that case. And I think the other issue that I really want to highlight here is it would still be an error of law, regardless of whether it was decided before or after, but can you please address the harmlessness question? Well, the harmlessness question, I think in order to do that, I have to highlight the fact that Ms. Galarza, with all due respect, is confusing what evidence was at issue in which motions. We have three basic challenges here. One to the underlying denial of cancellation of removal and one to the motion to remand. That motion to remand only presented evidence with regard to petitioner's father. It did not present evidence with regard... Excuse me. I'm not sure what you're arguing right now has anything to do with the question that Judge Collins asked that I'm also curious about. And I asked your friend on the other side and she acknowledged that if we were to determine that the wrong legal standard was used, which it appears the government conceded by not challenging in its brief, then we need to send it back. And it may be a limited remand for the correct legal standard to be used, but what evidence is or is not in the record is irrelevant to the application of the correct legal standard. Well, I think that if you look at Judge Bae's dissent in Lopez, this court absolutely can apply a harmless error to the application of a certain standard. You could have harmless error if, for example, they found that, you know, the petitioner didn't satisfy a lower standard. And then a case comes out later that says actually the burden is even higher. Well, that's harmless. They didn't apply the correct standard, but they didn't meet the lower one. So they necessarily didn't meet the higher one. So it's harmless. But the converse isn't true. The standard became more lenient under Fonseca Fonseca. And we don't know whether they would have found the lower one was met. If the evidence, and this is where I'm getting back to the evidence that was submitted with motion to reopen number one, the claim with motion to reopen number one was that his father had chronic kidney disease, which they retracted. There is no evidence whatsoever under any standard that there was a basis. That may be true and that may be what the BIA ultimately determines, but that doesn't correct the application of the wrong standard. Let me ask you this. On page 65 of the excerpts of record, and this was the subject of the discussion here before with your friend on the other side, there is language that states, this evidence is not sufficient to meet the respondent's burden of showing that reopening for further consideration of the respondent's cancellation application is warranted. And then there's a citation to matter of COELA. And in that parenthetical, it is very clear that the agency is relying on a case that applies the third prong, the discretionary relief standard, to essentially a prima facie determination. You didn't address this in your brief. We're giving you an opportunity to talk about it now. Where in the language of the agency decision do we look to to know that the correct standard was used? Well, it's a bit like asking someone to go back in time when a decision doesn't even exist in the world and ask them how they would refer to Fonseca Fonseca if it existed. So is your answer, so counsel is then your answer, it's not there and it's vague. Is that your answer? I think it's fake. Thank you. I'm curious to know why the government opposes referring this case to mediation. Your Honor, this allows me to get back to the MPIP issue. And again, I think it's important to distinguish between the two motions to reopen that were filed here. One with respect to evidence that was submitted with regard to the father and then the second motion to reopen. With regard to correct me if I'm wrong, but the Department of Homeland Security has already denied her request for prosecutorial discretion, which means they will not agree to jointly reopen this case to terminate its proceedings to allow USCIS to grant MPIP. And I would also point out that in the motion to reopen that was presented, this would be the second motion to reopen to present the MPIP issue. The petitioner did not ever highlight for the board that the USCIS could not grant or would not find that they had jurisdiction over MPIP unless he was no longer in removal proceedings. That was not highlighted for the board. And I would also point out that there was no motion to reopen or motion to reconsider filed with USCIS on any grounds, despite the fact that denial was sent in January of 2024 to the petitioner himself. Apparently, Ms. Gillard is only recently learning about the denial of the MPIP, but it was sent to him. With respect to to answer your question, Judge Desai, I do not think anything is going to come of mediation. Can I ask a technical administrative law question? Say I'm just speaking hypothetically, just so I understand the decision tree and how things could go. I'm not suggesting hints. If this petition were to be denied and the removal order becomes final, would USCIS at that point then acquire jurisdiction to be able to consider the military parole in place issue? Your Honor, I don't work with USCIS, and I do not know enough about this was, you know, some of this was raised with regard to. She said they can't do it while it's in removal proceedings. And that's what the letter says. That is a letter to continue. If there's a removal order that is yet to be executed, does that bar on jurisdiction continue at that point? Your Honor, I'm not, I apologize. I'm not an expert in MPIP, and I don't know what the USCIS's position with regard to that would be. But I will also say that that letter only discusses the very threshold determination with regard to MPIP, which is that he was in removal proceedings. And when the board, in denying the second motion to reopen pertaining to MPIP, they didn't say that he didn't present any evidence pertaining to his eligibility. They said he didn't present any evidence that established that he had been deemed eligible, and he hasn't been deemed eligible. He's been deemed ineligible. The board rested that decision on two things. The length of time it would take for him to adjust his status, and the speculative nature of the relief he was seeking. We, the speculative nature of the relief of his seeking, that has come home to roost. He has been denied that relief. He can reapply. There are petitions, I think, in the Cali decision that Petitioner provided last night. They reapplied three times. He's free to reapply. He can reapply. It might be denied. But the point is, is that in order for the, in order for removal proceedings to be terminated, they would have to agree, the DHS would have to agree to a motion to reopen. And I believe that they have already denied his request for prosecutorial discretion. So the reason for no mediation, and the reason for no remand, is that this case is not going anywhere, and nothing is going to change, regardless, because the evidence that's been produced is so insufficient. But going back to the main, the original order, the order in the April 14th, 2023 order, on the issue of, you've conceded that that now is vague, which I think alone would suggest that it should go back. But beyond that, we have the clear suggestion that the second prong standard was applied. But you've said that it was harmless, but I still, I think you understand what my difficulty with the harmless error argument is, and I'm not sure I fully understand your response. I appreciate you giving me another crack at it, Your Honor. So if you have two standards, and one is lower than the other, but you can tell from the evidence and the concessions made by Petitioner, that that evidence would satisfy neither standard. So let's say somebody submitted no evidence at all, which is basically what happened with regard to the motion to reopen number one, pertaining to the father's alleged chronic kidney disease he didn't actually even have. So it doesn't matter what standard was applied, because the evidence evaporated. The only thing that he supplied in support of that first motion to reopen, which generated the board order that we are all discussing here, is a completely vague and unexplained test result that said that he might have an upper respiratory infection. It had nothing to do with anything. And I have to point out that there is a public interest in finality in these cases. This remand would lengthen a process that has already taken 13 years. And it creates a perverse incentive to submit motions to reopen with weak evidence, as they did in this case on November 10th, 2020. Are you sure why it would create a perverse incentive to file frivolous motions to reopen if the agency is not clear in its decision about what standard it is using and is careful in the language that it uses? Well, Your Honor, relying on the possibility that that would happen. I mean, there was no evidence. Perhaps petitioners are relying on having their cases reviewed closely and carefully and having decisions issued that rely on the correct legal standard. Correct legal standard had not been articulated at that time, Judge Saag, with all due respect. Fonseca Fonseca had not been issued yet. Are you contesting the sort of premise that petitioners should expect the BIA to review their cases carefully? Of course not. Absolutely. I completely agree with you. And articulate reasons for their decisions that are understandable by reviewing courts? I think that we are myopically focusing on, and I don't mean that with any disrespect, I'm just responding to what I think is an unnecessary argument about the perverse incentives that might be created, that perhaps petitions that are being filed are intentionally and purposefully frivolous. I didn't say anything about, with all due respect, Your Honor, I didn't say anything about frivolous. I am simply pointing out that there is insufficient evidence in support of the motion to reopen, number one, that would support any remand. It sounds like a form of administrative summary judgment. And under Chenery, we normally, when the agency has discretion to make a decision, we'd review deferentially on facts, etc. We normally can't make the decision for them. And do you have any authority that says we can kind of do this sort of, well, we don't need to remand because we would some, this is... Actually, I would direct the court's attention to Judge Baye's dissent in Lopez. Do you have a majority opinion that helps you? I think we're talking about such a specific thing and so specific in time. The Lopez decision is really interesting because it's actually talking about this very issue. When the board used the wrong standard would likely change versus rather than a reasonable likelihood. Can you address the Chenery decision? Because I think that that decision from the Supreme Court is directly on point about the issue relating to what we can do with respect to the agency action. Well, I think that Chenery requests that we look at the four corners of the board's decision. And I obviously grant all due respect to the Chenery decision. I also think that this court has applied harmless error to this very issue in Fideo Vasquez. It applied evidence supplied in support of a motion to reopen. And the evidence that was provided was vague and inconclusive. Remand to the board would be futile. I think that's a very strong argument then. All right. Thank you, counsel. I appreciate it, your honor. Thank you very much. All right. We'll hear rebuttal now. I would like to respond to the other side's argument regarding or the consequences of my client having had a removal order entered against him and how that would affect his ability to apply for military parole in place and his ability to subsequently adjust. Would he apply for military parole in place with the final removal order that hasn't been carried out yet in place? Your honors, if the petitioner were to reapply having a removal order, he will ultimately the consequences of that is that the petitioner will not be eligible to adjust his status to lawful permanent resident in the United States. So then he would not be eligible for military parole in place if these removal proceedings conclude unfavorably. Correct. And I also, in response to the government's assertion that the only avenue to terminate these removal proceedings is if the Department of Homeland Security were to agree to termination, that is incorrect. The Code of Federal Regulations. We can't get into any legal issues about how they should exercise their discretion. That's not before us. It's not something we can regulate. What we have are the agency's decisions on the specific applications that were presented to it. So going back to Fonseca Fonseca, as this Court already heard and the government acknowledged that the language in the decision is vague with respect to the application of the legal standard. I understand the government's concession on that point, but I did ask you the question to study the order and tell me where you thought there was language in the order, apart from what the government conceded or didn't. Tell me where there's something in the order that tells us that it was done at prong one as opposed to prong two. Well, I don't see anywhere in the order that would clearly tell us at what prong the Board made that determination. Okay. So at best, it's vague. Correct. Now, I would just like to end my argument by making one last point, and that point is that by the Board essentially denying the motion to reopen so that the petitioner could apply for military parole in place, it's essentially undermining the intent of Congress to provide relief from removal for those who have family members enlisted in the armed forces. And so based on that, I believe that the Board also acted irrationally by essentially determining that there was no evidence that he even met the eligibility requirements to apply for that benefit, and he should be given an opportunity for the USCIS to make a determination on that application and weigh the equities. Thank you. All right. Thank you, counsel. All right. The case just argued will be submitted.
judges: COLLINS, MENDOZA, DESAI